```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
            ASHEVILLE DIVISION
             1:08CV169-02-MU
```

| | |
|---|---|
| JAKES E. WHALEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| CHRIS LEDBETTER, Correc-,) | |
| tions Officer at the ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's form-Complaint under 42 U.S.C. § 1983 (document no. 1); and on his "Motion For Appointment Of Counsel"(document no. 2), both filed April 21, 2008.

This is the fourth of five law suits which this Plaintiff has filed with the Court since March 25, 2008 (see Whaley et al. v. Hatcher et al., 1:08CV108; Whaley v. Hatcher et al., 1:08CV125; Whaley v. Griffin, 1:08CV152; and Skipper et al. v. Lott et al., 1:08CV170). Plaintiff's first case was dismissed for his failure to pay the filing fee or to request permission to proceed in forma pauperis; and his second and third cases were dismissed for his failure to state a claim for relief.

By this Complaint, Petitioner alleges that on March 6, 2008, Defendant came to his cell and advised that another officer had informed Defendant that Plaintiff "was hurting in [his] privates

1

. . . "; and that Defendant asked him to expose his genitals so that Defendant could "touch it to see what [was] wrong." Plaintiff contends that such incident constitutes sexual harassment, and that he has "suffered mental[ly] and emotional[ly from] this." By way of relief, Plaintiff asks that an investigation be conducted and Defendant be "suspended from his duties . . . ."

Notably, however, Plaintiff does not allege that he submitted to Defendant's request, or that he actually was touched by Defendant. Moreover, Plaintiff does not allege that he suffered any physical injury from the incident. As such, Plaintiff's allegations, at most, are tantamount to allegations of verbal harassment. Suffice it to say, therefore, Plaintiff's Complaint falls far short of stating a constitutional claim for relief.

Indeed, verbal harassment, such as that alleged herein, does not rise to the level of a constitutional claim. See Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C) (1990) (finding that subjection of prisoner to verbal abuse does not rise to level of constitutional deprivations cognizable in a civil rights action.). Nor does threatening language and/or gestures by a custodial officer amount to a constitutional violation. Id. Moreover, even if Plaintiff's allegations conceivably could state a claim for relief, it is well settled, pursuant to 42 U.S.C. § 1997e(e), that this Court would have the authority to dismiss this matter because there has been no corresponding allegation of physical injury.

Accordingly, Plaintiff's Complaint must be <u>dismissed</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for the appointment of counsel (document no. 2) is **DISMISSED as moot;** and

2. Plaintiff's Complaint (document # 1) is **DISMISSED with prejudice** for his failure to state a constitutional claim for relief.

**SO ORDERED.**

Signed: April 28, 2008

Graham C. Mullen
United States District Judge